We'll turn to argument next in No. 21-2049, Pinnell v. United States. Mr. Singal. May it please the Court, Kyle Singal for Petitioner Derek Pinnell. This Court should vacate Mr. Pinnell's 924C conviction because his substantive postal robbery conviction is not a crime of violence under the Elements Clause. There are two reasonable ways to reach that conclusion. First, his substantive robbery conviction did not require the government to prove that he himself used, attempted, or threatened force. That's because co-conspirator liability, meaning his agreement and another conspirator's commission of the robbery, was sufficient to convict. Second, even setting aside co-conspirator liability, the life-in-jeopardy offense requires creating only a risk to life, not the use, attempt, or threat of force. Let me ask you about the first argument that you urge us to adopt. That's because you think that he could have been convicted on a Pinkerton theory, right? That's correct. The concern I have with your argument is that Pinkerton liability for a substantive crime requires that someone have engaged in the conduct that threatened life. Conspiratorial culpability, liability for a conspiracy, doesn't require anybody to have engaged in the use of force. And so that seems to me to be different. The person convicted of a substantive crime under Pinkerton is still convicted of a crime where force was used, even if it wasn't by himself. Why do you think that we shouldn't find the substantive crime one of using force, even though the defendant was liable under Pinkerton? The language in Taylor on pages 2022 and 2023 looks to what the government has to prove that this defendant did, beyond a reasonable doubt. There, the issue was whether proving a defendant attempted a Hobbs Act robbery required the government to prove that that defendant used, attempted, or threatened force. What's the language in Taylor that you think supports that? The language is. Middle of 2022. The government's problem is that no element of attempted Hobbs Act robbery requires the government to prove beyond reasonable doubt that the defendant used, attempted to use, or even threatened to use force. Was Taylor one in which there was any argument that he was being found as an aider and abetter or a Pinkerton? I didn't think that was an issue. No, but what Taylor rejected. The court was not focusing on whether the defendant committed the crime, or the defendant committed the crime, but the theory on which he committed the crime. I mean, here, he is liable, but someone, the element of use of force, has to be proved. It can be by a principle. And I think that still makes the crime one in which force is used. If I may respond to that. So Taylor rejected what he called a formalistic syllogism that relied on a false premise. There, the false premise was that attempting to commit a crime of violence meant there was an attempted use of force. Two people are involved in a robbery, and one shoots the person dead, and the other drives the getaway car. The second is not guilty of a crime of violence. Well, under the government's theory, if he's charged only with conspiracy, then... No, he's not charged with conspiracy. It's a charging difference, though. He's charged with the substantive crime. The theory on which he can be found liable is Pinkerton. And that may well be the kind of crime Congress would have swept into the, or intended the residual clause to cover. But the demise of the residual clause following Davis is no basis to expand the element of force. I understand that, but there's no residual clause here. Some, the jury will have to find the use of force. By somebody else. Assuming you disagree with my argument on Part 2. No one suggests that's not a crime of violence. I haven't seen that suggested in a Supreme Court decision. The minimum culpable conduct test has been adopted by this Court in Hayward and Hill, also looking to what this defendant... The reason we go into minimum culpable conduct is not because we're trying to determine what this defendant did or could have done, right? It's because the way that the statute is written, it's in terms of the elements of the offense, and that's how we decide whether it's a crime of violence, right? And so in a case of conspiracy, you just have to agree to the conspiracy, and we think that that doesn't require the use of physical force, right? And so that's why you look to what the elements are. When you have Pinkerton liability, the elements include the use of force, right? It's just that the other party, the conspirator, can be held constructively culpable for the principles satisfying those elements. So in fact, the conspirator stands in the shoes of the person who used force. Isn't that different? So your argument would make sense if the Katterhopel approach was about some kind of due process right, that you could only be held liable if you actually used force or so on. But actually, it's a kind of formalistic inquiry into what the elements of a crime are. And Pinkerton liability doesn't change the elements of the crime. It says that one defendant can stand in the shoes of the other defendant but still be liable for all of the elements. The due process concern would arise if you have two identically situated defendants who both agree in their conspiracies to go rob the mail carrier and someone else robs the mail carrier with force. Sure. One is charged only with conspiracy. The other is charged substantively for robbery because their other co-conspirators carried out the crime. It's a difference in substance, not in form, not substance. Under the government's view, the one who's charged substantively, though, through Pinkerton can have the enhancement. It is just a matter of form. In conspiracy, no one has to have used force. In a substantive crime, someone has to have used force. The person may still be charged only with conspiracy, as often is the case, where they're charged with conspiracy and someone else committed. I'm sorry. Help me out because I'm confused. Sure. When you say they're charged only with conspiracy, this defendant's convicted of the substantive crime. Yes. In my hypothetical, I had two defendants. One is charged only with conspiracy. All right, but let's stay with this case. Sure. Let's stay with this case. Yes. In this case, someone else had to carry out the crime, no doubt. I'll ask you this question. If we accept your theory that because the crime can be committed by aiding and abetting or by Pinkerton without any use of force, does that mean it's categorically never a crime of violence? Because it would be possible to be convicted without the defendant using the force. So that would be an extreme consequence. And because of that, we've argued in our brief that the Court should limit the ruling only to cases where Pinkerton was charged or at least when it was plausibly a basis for conviction. But isn't that showing you're trying to depart from the categorical approach? I mean, you are actually – I mean, you're making an argument in the name of the categorical approach, but you're talking a lot about what this particular defendant did and what these particular charges are. Right. But if the categorical approach asks us to look at the elements of the offense in the abstract based on whatever any defendant could have done, your argument would have the implication that it's categorically never a crime. So it's like the modified categorical approach, right? And you're suggesting we should look beyond the elements of the offense. I'm suggesting the Court should look to what the government must prove, which is the same things that happens under the modified categorical approach when courts look to see – look to the charging documents, the jury forms, the plea colloquy, to see what the government had to prove. But when we do the modified categorical approach, it's because the statute lays out alternative elements. Right. But Pinkerton liability isn't laid out as an alternative element of the crime, right? The elements are still the elements. It's an odd adhextual theory. It's a mechanism for holding a conspirator liable – culpable for those elements. Then the question is whether that should extend to the 924C Enhancement 2. Congress easily could have said one who uses or attempts or conspires to use, but they didn't say that. So why should Pinkerton? Just because it holds one by – Well, if they had said that, then it would have captured conspiracy offenses. Sure. Which are different than Pinkerton offenses. Understood. In fact, the jury was charged to Pinkerton in this case, but there was evidence that your client brandished a firearm during it. Yes. So that brings us back to, are you saying whenever Pinkerton is charged, the crime can never be categorically violent? We would view that as a logical consequence of Davis because conspiracy does not require this defendant. And even Pinkerton liability does not require – It's not a conspiracy charge. Even Pinkerton liability does not require this defendant to have used, attempted or threatened. It's not a conspiracy charge. Well, the 924C brandishing charge itself can't be the basis for this Court's determination that the predicate offense is a crime of violence. That's the reasoning that the Seventh Circuit in Enick used, and that would turn illegal parking into a crime of violence. Right? If you can look to the fact that this defendant brandished a weapon and say, therefore, the underlying crime is a crime of violence. No, no. I pointed that out because you're saying he was convicted under Pinkerton, and we don't know that. We don't know. We're giving him the benefit of that as a categorical approach. Correct. Okay. May I turn to the second point? Yes. I'd like to hear a little bit on the second point. So the facts of the Seventh Circuit's case in Rodriguez have been good law for 30 years. It defeated the sufficiency challenge where the defendant took one or two tugs of a key chain off a post of a mail carrier's belt and broke the keys off, and that was enough force to be sufficient to convict for the life and jeopardy offense, the same offense of which Mr. Pinell was convicted. That's not Johnson 2010 force. That's not Stoeckling force. And the mere use or carrying of a weapon is enough to satisfy the dangerous weapon component of 2114A. And so under the — Well, under our precedent, it has to be sufficient to create an objective fear. So if it was merely being carried, there would have had to have been something said or done that created the objective fear. If that's so, why is there a problem? I mean, Rodriguez is not yet the law in this circuit. The Supreme Court in Taylor rejected that broad view of threat and distinguished posing a threat in an objective sense of risk from communicating a threat. And the Supreme Court in Taylor, which it had to define threat in that case, threat in 924C3A, defined threat as a communicated threat, not merely a posed threat or an objective risk. The language of jeopardy in this case, including in the jury charge, was creating an objective risk, not communicating a threat. So how would you create the objective risk? The objective is what would a reasonable person — what risk would a reasonable person have perceived? And it must be one that's sufficient to make him fear for his physical safety. Absolutely. Okay. So what makes you think that you could create an objective risk of fear to physical safety without somehow threatening the use of force? The defendant approaches a mail carrier with an assault rifle draped across his body and reaches for the keys off of his belt, same facts as in Rodriguez. The force used and threatened is minimal. It's the reaching for the keys off the belt. Why wouldn't we find that enough, that anybody who reached for someone's keys had created an objective fear? We might not find that sufficient. The court can go back further than Rodriguez. If you're brandishing the gun in that circumstance, that you have the gun draped around you, why isn't that a threatened use of force? Because you're saying if you don't comply, you're going to use the gun. You have to at least do something to nonverbally, if not verbally, communicate the threat. Simply having the gun draped around you is not enough. The court can go back further in time. You can go to the early 1800s, the early days of this statute. If you'll indulge me for a moment, the case of the United States v. Wood, 3 Washington Circuit Court Reporter 440. And when Congress amended the statute in 1825, it added this as an annotation. It said, A sword in the hand of the robber, by terror of which the robber is affected, is a dangerous weapon within the act, putting the life in jeopardy, though it be not drawn or pointed at the carrier. It's enough to simply have the gun holstered, the sword upon you, to satisfy the statute. It wasn't visible, right? Visible, but visible does not communicate the threat.  Yes, it was concealed in Rodriguez. Isn't that an enormous difference? That someone who sees a deadly weapon on the person of a person who's acting aggressively, in your example, grabbing the keys, would have an objective fear for his life. If you don't know the person's arms, that's quite a different matter. Which is precisely why the elements of 2114A would be satisfied. They would fear a risk to life without a threat being communicated. Unless you mean that brandishing the firearm is a threat. Right. Excuse me. But brandishing is not required under the statute. Appendix A25 says only use of it. The statute does say put the life in jeopardy by the use of a dangerous weapon. Right. The district court, in the jury instructions on the postal robbery charge, didn't elaborate on what's required to use the weapon, although when it gave the jury instructions on the firearm charge, it said in order to prove that the defendant used the firearm, Durham has proved beyond a reasonable doubt the active employment of the firearm by the defendant, Durham, in relation to the commission of the crime of violence. This does not mean that the defendant must actually fire or attempt to fire the weapon, although those would obviously constitute use. Brandishing, displaying, or even referring to the weapons that the victim's present knew that the defendant had the firearm available if needed all constitute use of the firearm. Exactly. It does seem like the district court would not have thought that just keeping the firearm in your pocket and not telling anybody about it would have been a use of the weapon. My hypothetical had the weapon draped across the defendant's body. Right. So your position is. Display. Okay. Brandishing is a use and so would satisfy the statute, but that is not a threatened use of force even if, you know, you're walking in and telling people what to do with a gun strapped to your chest. I think display is the easier word than brandishing. Display. Display so that the victim's present knew the defendant had the firearm available is benign. It does not communicate a threat. You don't have a case that says that an assault, which is what the crime is, an assault in circumstances that put someone in objective fear of their life, by having the weapon displayed is not a crime of violence. That's not Rodriguez. So what do you have to support? Well, what I would say first to that is that the Supreme Court in Taylor rejected the Duenas-Alvarez standard, which previously would have required the defendant to find a case. I'm sorry, I didn't catch that. The Supreme Court in Taylor rejected the Duenas-Alvarez standard, which previous to Taylor would have required the defendant to bear the burden, perhaps, of showing a case where the statute had been interpreted that way. I understand that, but I'm just asking you for our own purposes of understanding it. You say you're relying on Rodriguez, but Rodriguez doesn't support the example you've given. So I'm asking you if you do have a case that says that assaulting someone, not simply standing there with your firearm displayed, but assaulting someone while displaying a firearm is not enough to induce an objective fear of harm to the person's physical safety. I don't believe I have a case, but I can follow up on a rebuttal if I have one. Your hypothetical is assault while displaying a weapon is not enough for a crime of violence? That's what you're saying. Is that your argument? My argument is that the jury charge in this case, defying jeopardy a certain way, is requiring only a risk. And as Judge Bonasci said, the risk must arise by use of the weapon, and use is satisfied by display. Right, so for the aggravated offense, right, the use of the weapon of life and jeopardy, but also the base offense requires the person to assault any person. So the person has to commit an assault. So it's true you can come in and just have the weapon strapped to your chest, I suppose, if that counts as a use, but you still have to commit an assault in order to be guilty of- It's an or, Your Honor. Or robbery. It's an or. Assault or robbing. Right, but let's say we think that that's divisible. A person who assaults any person having lawful charge of patrol or custody of a male, and it says or robs or attempts to rob. So let's focus on assaults. Would assault require the use of force? Assaults any person having lawful charge with intent. That would depend on the elements of assault. If it's assault that only requires minimal touching, we don't have that jury charge in front of us. Well, that's- We're not dealing with the unaggravated crime. Right. We're dealing with the aggravated crime. So it's assault in circumstances that put such person's lives in jeopardy by the use of a dangerous weapon. Well, no, Your Honor, it's robbery, not assault. It says if in effecting or attempting to effect such robbery, one circuit, the Fourth Circuit, and Bryant did a very searching review and held that robbery there actually could refer to either the assault or the robbery. All right, let's slow down. Sure. If the predicate crime is robbery- Right. Then our precedent finds robbery to be a crime of violence. We were focusing on assault because that might support your argument if we wanted to give you- But if it's robbery, that's the end of it. Isn't that a robbery? I don't agree with that, Your Honor. No, this Court has not defined robbery in 2114. And the Supreme Court, for example, in Carter v. U.S. has distinguished this robbery from bank robbery from common law robbery. So that's a matter for this Court to determine whether robbery in 2114a requires Johnson 2010 force. Just to go back on your question of threat and use of force, I mean if somebody walks into this room with a bomb strapped to his chest and it was visible to everybody and the person just screamed everybody get down or leave the room or started barking orders at us, you don't think that person has threatened the use of force against us? Well, that doesn't sound like minimum culpable conduct, but it's a bomb. The minimum culpable conduct is- All right, so now we change the bomb to a machine gun strapped to the person. Actually, since you said displaying it, it doesn't matter. He's holding the gun. He's holding a machine gun. He walks in and says everybody get out of this room. That person hasn't threatened the use of force against us. He hasn't communicated that. He hasn't said I'm going to shoot you. The words everyone get down make it a harder question. What makes it a harder question? Communicating everyone gets down, one could at least arguably say, implies and or else if you just walk in and I walk up to the mail carrier and I've got the gun around me and I take the keys off- So then he doesn't say anything. So the guy who's coming into the room with the carrier and the machine gun just walks up here and pushes me out of this chair or takes a seat at the bench. Let's say he takes a seat at the bench. He's created an object of risk or fear. That person has not threatened the use of force if we prevent him from doing that? He's objectively posed a risk. He's acting threatening and that's the definition of threatening that the government wanted the Supreme Court to adopt in Taylor and the Supreme Court said no. It's the top of 2023 in Taylor. The government advanced that exact argument that people who act threatening by doing acts like that, they presented a hypothetical where someone walks into a bank with a gun and a note and said, look, isn't that conveying a threat? The Supreme Court said no, 7 to 2. That's not enough to communicate a threat. You have to communicate the threat as threat is defined in 924C3A. How do you get the threat with words? It can be verbal or nonverbal. If you're obviously pointing the weapon, you don't have to point the gun, but that would be enough to communicate a threat. It can be passing a note even if the note doesn't. So he walks around holding the gun, but it's pointed up. No threat, but points it at person threat. Your Honor, you can find a hypothetical in which it would be a threat, but the question is what's the minimum culpable conduct? And I think we can agree the minimum culpable conduct is something where the person is wearing, displaying the weapon and they are acting in a threatening way, but they have not communicated a threat. That's precisely the distinction the Supreme Court made in Taylor. Okay. Thank you very much, Mr. Sindal. Thank you, Your Honor. You've reserved time for rebuttals. We'll hear from you again, but let's turn to the government. Mr. Park. May I please report? Gabriel Park on behalf of the United States. There's no dispute that the appellant, Derek Pinnell, was convicted of substantive aggravated postal robbery during which a person's life was in jeopardy through use of a dangerous weapon. And there's also no dispute that the jury found that the substantive aggravated postal robbery as the underlying predicate offense for the 924C conviction, and that only, not a conspiracy to do so. Your Honor, the offense under 2114A is divisible into base offense and aggravated offense. The basic offense is further divisible into three elements, and so does the aggravated offense. In this case, we're focused on the placing someone's life in jeopardy through use of a dangerous weapon. But in order to commit the aggravated offense, you have to commit the base offense, right? Yes, Your Honor. So I guess just going back to the questions we were asking before, even to commit the base offense, you have to commit an assault. Is it assault on a crime of violence? I guess assault could be a crime of violence, Your Honor, but I guess in this case— Or more accurately, one that uses force. Right. Assault certainly would require— Threatened use of force. Right. Or threatened, yes. At minimum, require a threatened use of force, which it does qualify under a crime of violence under 924. And, of course, it has to be the commission of assault with intent to rob. That's correct, Your Honor. And in this case, we're talking about the specific crime, specific crime of robbery, postal robbery, with placing someone's life in jeopardy. And when you apply the modified categorical approach in this case and looking at this limited set of documents, it is clear that the defendant was convicted of this aggravated postal robbery. And there's really—it is clear from the case law and the established case law, especially multiple circuits that deal specifically with this statute, that when applying the categorical approach to this offense, especially the substantive aggravated postal robbery with placing someone's life in jeopardy is a crime of violence. And— Your adversary says no because, as you just heard the argument, the gun could be concealed in the hypothetical, in the example of Rodriguez, or it could simply be on the individuals displayed on the in-person, but no more than that. Why do you reject—why would you have us reject that argument? Your Honor, first of all, the counsel is relying on the Rodriguez case from the Seventh Circuit. But even the Seventh Circuit actually has moved away from that holding, especially in United v. Enoch. What can I just ask? Do you think that that scenario would satisfy the aggravated offense of postal robbery? So if somebody walks in and just has a gun in his pocket? I do not believe that that would satisfy the elements in this case, Your Honor, because when you look at the established case law, putting someone in jeopardy is an objective fear. So obviously when you're just concealing a gun and no one knows about it, you cannot actually place an objective fear in somebody through the use of a dangerous weapon. If someone just walks in there and no one knows that person actually possesses a weapon, then they cannot actually be constituted under the definition of use. And that is—that tracks with the district court's jury instruction in this case because, as Your Honor alluded to, under the firearm elements, the instructions specifically require the jury to— That use has to at least be brandish. Excuse me, Your Honor? That use of the firearm has to be at least brandishing. Yes, Your Honor. I think the exact words are active employment of the—meaning that just—and also the— So what about brandishing? So do you agree with opposing counsel that if somebody walks in just having a gun strapped to his or her chest, that that would not be threatened use of force? It certainly would be threatened use of force, especially when you're talking about in this case, that that is happening during the course of the robbery. So if an individual goes into a bank and is displaying the gun and takes the money from the bank, that is the use of a firearm through brandishing, and that does constitute the use of— Well, that's a display with a robbery. Right. What about a display with assault intending to rob? In other words, the robbery is not committed, not completed. I respect to submit that that would also qualify as a crime of violence, Your Honor. Because? Because, again, under United States v. Stokely, the use of force does not necessarily mean probability of using it. It's the potentiality. So when you are assaulting somebody with the intent to rob by displaying a weapon, that places objective fear into the victim that there's a potential, there's a ready potential for the assailant to use a dangerous weapon. So I think that still qualifies as a crime of violence. Because it's a threat? Yes, Your Honor. It's the minimum conduct we're talking about. It's the threat of using the force does still qualify under crime of violence. And, Your Honor, going to the Pinkerton liability instruction— Before you get to that, let me make sure I understand last night for a minute. Are we, in essence, putting together three aspects of the crime? One, there is an assault. There's some intrusion on the individual's person. Two, the gun is displayed. That's the minimum conduct that your adversary points to. And three, the person's intent is to commit robbery, a crime of violence, in this court's precedence. Is it those three factors combined that yield the result you're urging? That certainly is my position, Your Honor. But I would submit that even the assault by displaying the weapon would still qualify as a crime. Right, even regardless of whether it was a crime. But looking at the elements of this crime, the government was obliged to prove that the person didn't just assault someone while displaying a weapon. They did it with the intent to commit robbery. Well, in this case, there was an actual robbery. I understand that, but the jury could have convicted on either ground, so we have to assume the one favorable to the defendant here. Well, in this case, Your Honor, if you look at the jury instruction, the jury was actually only instructed on the robbery. It was only charged on robbery?  I understand the indictment talks about assault and robbery, but when you look at the jury instruction, the jury was charged specifically only with robbery. I see. For count two and not assault. So, I understand- If your adversary is rebutting, you could find the page of the jury charge that indicates that. Well, appendix page 22. Yes, yes, Your Honor. Yeah, it is appendix 23. 22 to 23. And it continues on the next page. So, I understand that the indictment itself charges assault and robbery, but when you're looking at the jury instruction, the jury was only instructed on robbery. Thank you. I see that. And so, does that further reduce what we're looking at here, so that in the modified categorical approach, we would only be looking at the robbery rather than the assault with intent to commit robbery in your view? That's correct, Your Honor. The government submits that in this case, for a modified categorical approach, we're only looking at robbery, which, as the jury was instructed, is through violence, force, or intimidation. If that's the case, do we have to concern ourselves with any of the other elements, or does this fall squarely within Hill? The government submits that this falls squarely within Hill, and that robbery, complete robbery on its own, constitutes a crime of violence, regardless of whether the aggravated- Because the phrase in the statute, robs or attempts to rob, that is itself divisible because someone could be charged with robbery or attempted robbery. That's correct, Your Honor. So those are two different offenses. Yes, Your Honor. Your Honor, regardless of whether there was any instructional harm as to Pinkerton liability instruction at all, when you look at the petitioner still has to prove actual prejudice in this case to receive the heaviest relief. And when you look at the record of this case, the evidence was really clear and proves beyond a reasonable doubt, regardless of whether the jury would have been instructed on Pinkerton liability or not, there was evidence beyond a reasonable doubt that the defendant was the principal individual that brandished a weapon during the robbery. Unless Your Honors have any additional questions, I rest my brief. Thank you very much, Mr. Park. We'll hear back from Mr. Sindahl along the way. Your Honors, first of all, I think we're all in agreement that assault is not and hasn't been an issue in this case. The jury was only instructed on robbery. If it's only on robbery and they convicted on that ground, why isn't this case controlled by Hill? Because Hill was about Hobbs Act robbery, not postal robbery, and this robbery- Hill was about what kind of robbery? Hill was about Hobbs Act robbery. And how is that distinct? I mean, how is this not common law robbery the same as the Hobbs Act robbery? The Supreme Court in Carter v. United States has distinguished common law robbery from Hobbs Act robbery from postal robbery. And this postal robbery statute is not necessarily the same, nor does it necessarily subsume common law robbery. The Supreme Court in other cases has also distinguished other flavors of robbery. I can give you robbery cases that have been- It's not necessarily the same, but how is this robbery different in a way that makes a difference? Right. So this robbery was permissible based on force, violence, or intimidation. In Stokelying, the Florida robbery statute there was force, violence, intimidation, or fear of something. And the Court only dealt with the force or violence provision, and there upheld that as a violent felony under ACCA. The intimidation portion here is at least arguably less than what's required for a 924C3A force. I would respond also to my friend's point about Enoch. The Enoch case does not limit Rodriguez. Rodriguez was a sufficiency challenge, and there's no case law to indicate that the facts of Rodriguez, if committed today, would be insufficient to sustain a conviction. Well, the government is now saying that it is. So like the people who would be in charge of prosecuting it think that it would not be able to prosecute. And the government may- I mean, do we have any cases besides Rodriguez that are recent or that are in our circuit where such a case was prosecuted? Right. Well, the Supreme Court, again, and Taylor declined to accept the government's advances there, that it wouldn't charge an attempted threat. I'm not saying it's impossible. I'm asking what are the reasons for doubting that representation? I would go back to the Wood case I cited from the 1800s, that it's been longstanding law that one need not communicate a threat to be guilty of postal robbery, and there's no- Well, that's different. Right, right. In that case you were talking about, the person had a sword that was visible. Right, right, sure. So the government did disagree with you that they think that brainwashing the weapon or displaying the weapon would be a threat. But that's a separate question. That's different from Rodriguez where the gun wasn't even brainwashed. But this all goes back to the question, can one display by- and thus use a gun in a way that creates an objective risk without thereby communicating a threat? And we argue that it is. I would finally make the point that we're talking about an enhancement here. And, you know, Congress clearly wanted to include certain offenses that involve risk, such as probably this offense, within the residual clause, which is now gone. And Mr. Pennell has served 17 years of his sentence, and we're talking about an enhancement that if Congress wishes to revise, they can revise. We're not talking about letting people out scot-free. And finally, I saw Judge Wesley shaking his head earlier when I mentioned Duenas-Alvarez, so I wanted to circle back and see if you had a question at that point. No? I can't. All right. Okay, thank you very much, Mr. Singal. Thank you, Your Honor. The case is submitted. We are at this point going to take a brief recess, and then we're going to come back and hear the last case on the calendar. So please bear with us.